LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiff ASMA MOJADDIDI

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASMA MOJADDIDI, individually and as successor in interest to FAISAL MOJADDIDI, deceased,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF SACRAMENTO; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Substantive Due Process (42 U.S.C. § 1983)<br>3. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>4. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>5. Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)<br>6. Battery (Wrongful Death/Survival)<br>7. Negligence (Wrongful Death/Survival)<br>8. Negligent Infliction of Emotional Distress<br>9. Bane Act (Cal. Civil Code 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

ASMA MOJADDIDI, individually and as successor in interest to FAISAL MOJADDIDI, deceased, brings this Complaint against Defendants COUNTY OF SACRAMENTO, and DOES 1-10, inclusive, and hereby alleges as follows:

**INTRODUCTION**

1.    This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Faisal Mojaddidi on June 19, 2023.

**JURISDICTION AND VENUE**

2.    This case arises under 42 U.S.C. § 1983 and 1988 as well as California law.  This court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

3.    Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) because all incidents, events, and occurrences giving rise to this action occurred in the City and the County of Sacramento, California.

**PARTIES**

4.    At all relevant times, Decedent FAISAL MOJADDIDI ("DECEDENT") was an individual residing in the City and County of Sacramento, California.

5.    Plaintiff ASMA MOJADDIDI ("Plaintiff") is an individual residing in the City and County of Sacramento, California. Plaintiff is the natural mother of Decedent. Plaintiff sues both in her individual capacity as the mother of Decedent and in a representative capacity as the successor-in-interest to Decedent pursuant to

California Code of Civil Procedure § 377.30. Plaintiff seeks survival damages, wrongful death damages, and punitive damages under federal and state law.

6.     At all relevant times, Defendant COUNTY OF SACRAMENTO ("COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Sacramento County Sheriff's Department ("SCSD") and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of Defendants DOES 1-10.

7.     At all relevant times, Defendants DOES 1-5 ("DOE DEPUTIES") are deputies for SCSD who were acting under color of law within the course and scope of their duties as deputies for the SCSD. DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

8.     Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of SCSD, who at all relevant times was acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SCSD. DOES 6-10 was acting with the complete authority and ratification of their principal, Defendant COUNTY.

9.     On information and belief, at all relevant times DOES 1-10 were residents of the County of Sacramento.

10.     In doing the acts and failing and omitting to act as hereinafter described, DOE DEPUTIES were acting on the implied and actual permission and consent of DOES 6-10 and the COUNTY.

11.    In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 6-10 was acting on the implied and actual permission and consent of the COUNTY.

12.    The true names and capacities, whether individual, corporate, association, or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

13.    At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

14.    All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

15.    Defendants DOES 1-10 are sued in their individual capacity.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17.    On December 30, 2024, at approximately 11:15 p.m., DOE DEPUTIES responded to a residence occupied by PLAINTIFF and DECEDENT on the 9300 block of Wild Lilac Circle in Sacramento, California to assist the Sacramento Metro

Fire District on a call for service. On information and belief, the Sacramento Metro Fire District had responded to a call regarding a male subject, later identified as DECEDENT, who was hallucinating and believed that people were trying to harm him and his family. On information and belief, DOE DEPUTIES also had information that DECEDENT was in possession of a knife.

18.    On information and belief, DOE DEPUTIES directed PLAINTIFF to exit the residence. After PLAINTIFF was no longer inside the residence, DECEDENT came to the threshold of the front door. On information and belief, DECEDENT was in possession of a knife as he stood at the threshold of the front door.

19.    On information and belief, DOE DEPUTIES deployed less-lethal rounds at DECEDENT and shot multiple lethal shots at DECEDENT, ultimately killing DECEDENT. On information and belief, DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the use of lethal force.

20.    On information and belief, DOE DEPUTIES failed to give DECEDENT a warning that less-lethal force would be used before less-lethal was deployed and failed to give DECEDENT a warning that deadly force was going to be used before shooting DECEDENT, despite it being feasible to do so.

21.    On information and belief, DOE DEPUTIES knew that DECEDENT was experiencing a mental health crisis and failed to utilize de-escalation tactics for dealing with individuals experiencing a mental health crisis, despite it being feasible to do so.

22.    At all relevant times, DOE DEPUTIES were not faced with an immediate defense of life situation and had less-lethal alternatives available to take DECEDENT into custody.

23.    DECEDENT sustained several gunshot wounds to his body and died as a result of his gunshot wounds.

24.     Plaintiff is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds DECEDENT's interest in this action as the natural mother of DECEDENT.

25.     On or around June 25, 2025, Plaintiff filed a comprehensive and timely claim for damages with the County of Sacramento in substantial compliance with § 910 of the California Government Code. Over 45 days have passed without the resolution of said claim.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants DOE DEPUTIES)

26.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.     Defendants DOE DEPUTIES used excessive and unreasonable force against DECEDENT when they struck him with less-lethal rounds and shot him several times. Defendants DOE DEPUTIES' unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

29.     At all relevant times, DECEDENT did not forcibly resist, nor did he pose an immediate threat of death or serious bodily injury to Defendants DOE DEPUTIES or anyone else.

30.     Defendants DOE DEPUTIES' use of force was excessive and objectively unreasonable and contrary to basic police officer training because

DECEDENT posed no immediate threat of death or serious bodily injury to anyone at the time.

31.     Defendants DOE DEPUTIES did not exhaust all reasonable available alternative measures prior using deadly force on DECEDENT. Defendants DOE DEPUTIES failed provide adequate commands and warnings prior to using deadly force, despite it be feasible to do so.

32.     As a result of their misconduct as described above, Defendants DOE DEPUTIES are liable for DECEDENT's injuries, either because they were integral participants in the use of excessive force or because they failed to prevent these violations.

33.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

34.     Plaintiff brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights. Plaintiff also seeks attorneys' fees under this claim.

## SECOND CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(Against Defendants DOE DEPUTIES)

35.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the

conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

37.    The aforementioned actions of Defendants DOE DEPUTIES, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiff and DECEDENT, and with purpose to harm unrelated to any legitimate law enforcement objective.

38.    As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  Defendants DOE DEPUTIES thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with DECEDENT.

39.    As a direct and proximate cause of the acts of Defendants DOE DEPUTIES, Plaintiff suffered emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

40.    The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

41.    Plaintiff brings this claim individually for the interference with his relationship with her son DECEDENT and seeks wrongful death damages for the violation of Plaintiff's rights.  Plaintiff also seeks attorney's fees under this claim.

//
//
//
//
//
//

**THIRD CLAIM FOR RELIEF**

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against Defendants COUNTY and DOES 6-10)

42.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.    At all relevant times, Defendants DOE DEPUTIES were acting under color of state law.

44.    The acts of Defendants DOE DEPUTIES as described above, including using less-lethal and lethal force against DECEDENT, deprived DECEDENT of his rights under the United States Constitution.

45.    Upon information and belief, a final policymaker for COUNTY, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE DEPUTIES, ratified (or will ratify) Defendants DOE DEPUTIES' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants DOE DEPUTIES' acts, which include use of excessive force against DECEDENT.

46.    Upon information and belief, a final policymaker for COUNTY has determined (or will determine) that the acts of Defendants DOE DEPUTIES were "within policy."

47.    By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

48.    Accordingly, Defendants DOE DEPUTIES and DOES 6-10 each are liable to Plaintiff and DECEDENT for compensatory damages under 42 U.S.C. § 1983.

49.   Plaintiff brings this claim individually and as a successor-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life, loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against Defendants COUNTY and DOES 6-10)

50.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51.   At all relevant times, Defendants DOE DEPUTIES were acting under color of state law.

52.   The acts of Defendants DOE DEPUTIES deprived DECEDENT of his rights under the United States Constitution.

53.   The training policies of Defendant COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

54.   Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.  Specifically, COUNTY failed to adequately train Defendants DOE DEPUTIES with respect to detentions and arrests, tactics, use of less-lethal options, and the use of deadly force, including determining whether the use of deadly force is reasonable and appropriate under the circumstances.

55.   The failure of Defendant COUNTY to provide adequate training caused the deprivation of the DECEDENT's rights by Defendants DOE DEPUTIES; that is,

1  COUNTY's failure to train is so closely related to the deprivation of DECEDENT's
2  rights as to be the moving force that caused the ultimate injury.

3       56.    By reason of the aforementioned acts and omissions, Plaintiff has
4  suffered loss of the love, companionship, affection, comfort, care, society, training,
5  guidance, and past and future support of DECEDENT.  The aforementioned acts and
6  omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,
7  and death.

8       57.    Accordingly, Defendants DOE DEPUTIES and DOES 6-10 each are
9  liable to Plaintiff and DECEDENT for compensatory damages under 42 U.S.C. §
10  1983.

11       58.    Plaintiff brings this claim individually and as a successor-in-interest to
12  the DECEDENT, and seeks survival damages, including pre-death pain and
13  suffering, loss of life, loss of enjoyment of life, and wrongful death damages under
14  this claim. Plaintiff also seeks punitive damages, costs, and attorney's fees under
15  this claim.

16

17                  **FIFTH CLAIM FOR RELIEF**
18  **Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**
19               (Against Defendants COUNTY and DOES 6-10)

20       59.    Plaintiff repeats and realleges each and every allegation in paragraphs 1
21  through 58 of this Complaint with the same force and effect as if fully set forth
22  herein.

23       60.    At all relevant times, Defendants DOE DEPUTIES were acting under
24  color of state law.

25       61.    When Defendants DOE DEPUTIES shot and killed DECEDENT, and
26  denied him timely medical attention, they acted pursuant to an expressly adopted
27  official policy/ies or a longstanding practice(s) or custom of the Defendant
28  COUNTY respectively.

62.    On information and belief, Defendants DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of lethal force against DECEDENT.

63.    Defendants COUNTY and DOES 6-10, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    (a)    Using excessive force, including excessive deadly force;

    (b)    Providing inadequate training regarding the use of deadly force;

    (c)    Employing and retaining as officers individuals whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

    (d)    Inadequately supervising, training, controlling, assigning, and disciplining COUNTY sheriff's deputies, and other personnel, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY sheriff's deputies;

    (f)    Failing to adequately discipline COUNTY sheriff's deputies for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

    (g)    Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)   Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)   Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j)   Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

64.   Defendants COUNTY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

65.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, COUNTY and DOES 6-10 acted with intentional, reckless, and callous disregard for the life and constitutional rights of Plaintiff and DECEDENT. Furthermore, the policies, practices, and customs implemented,

1  maintained, and still tolerated by Defendants COUNTY and DOES 6-10 were

2  affirmatively linked to and were a significantly influential force behind the injuries

3  of Plaintiff and DECEDENT.

4      66.    By reason of the aforementioned acts and omissions, Plaintiff has

5  suffered loss of the love, companionship, affection, comfort, care, society, training,

6  guidance, and past and future support of DECEDENT.  The aforementioned acts and

7  omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,

8  and death.

9      67.    Accordingly, Defendants DOE DEPUTIES and DOES 6-10 each are

10  liable to Plaintiff and DECEDENT for compensatory damages under 42 U.S.C. §

11  1983.

12      68.    Plaintiff brings this claim individually and as a successor-in-interest to

13  the DECEDENT, and seeks survival damages, including pre-death pain and

14  suffering, loss of life, loss of enjoyment of life, and wrongful death damages under

15  this claim. Plaintiff also seeks punitive damages, costs, and attorney's fees under

16  this claim.

17

18              **SIXTH CLAIM FOR RELIEF**

19              **Battery (Wrongful Death/Survival)**

20              (Against Defendants DOE DEPUTIES)

21      69.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

22  through 68 of this Complaint with the same force and effect as if fully set forth

23  herein.

24      70.    At all relevant times, Defendants DOE DEPUTIES were working as

25  sheriff's deputies for SCSD and was acting within the course and scope of their

26  duties as a sheriff's deputies for the COUNTY.

27      71.    Defendants DOE DEPUTIES while working as sheriff's deputies for

28  the SCSD, and acting within the course and scope of their duties, intentionally

deployed less-lethal rounds and shot DECEDENT multiple times and used unreasonable and excessive force against him.  As a result of the actions of Defendants DOE DEPUTIES, DECEDENT ultimately died from his injuries. Defendants DEPUTIES had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as sheriff's deputies was an unreasonable and non-privileged use of force.

72.     As a direct and proximate result of the conduct of Defendants DOE DEPUTIES as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.

73.     The COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

74.     The conduct of Defendants DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff, as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages, which Plaintiff seeks under this claim.

75.     Plaintiff bring this claim individually and as a successor-in-interest to DECEDENT. Plaintiff seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

## SEVENTH CLAIM FOR RELIEF
### Negligence (Wrongful Death/Survival)
(Against all Defendants)

76.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77.     The actions and inactions of Defendants were negligent and reckless, including but not limited to:

    (a)     Defendants DOE DEPUTIES' failure to properly and adequately assess the need to detain, arrest, and use force and/or deadly force against DECEDENT;

    (b)     Defendants DOE DEPUTIES' negligent tactics and handling of the situation with DECEDENT, including pre-force negligence;

    (c)     Defendants DOE DEPUTIES' negligent detention, arrest, and use of force, against DECEDENT;

    (d)     Defendants DOE DEPUTIES's failure to provide prompt medical care to DECEDENT,

    (e)     the COUNTY's failure to properly train and supervise employees, both professional and non-professional, including Defendants DOE DEPUTIES;

    (f)     the COUNTY's failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT.

78.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish.  Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

79.     The COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES and DOES 6-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries

caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

80.    Plaintiff brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

## EIGHTH CLAIM FOR RELIEF

### Negligence – Bystander, Negligent Infliction of Emotional Distress

(By Against Defendants All Defendants)

81.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as if fully set forth herein.

82.    Plaintiff is the mother of DECEDENT. At all times relevant to this action, Plaintiff was close familial family member to DECEDENT and lived with DECEDENT in the same household.

83.    Plaintiff was present at the scene of the incident when Defendants DOE DEPUTIES used deadly force against DECEDENT. Plaintiff was contemporaneously aware the DECEDENT was being injured at the time DOE DEPUTIES used less-lethal and deadly force against DECEDENT. Specifically, Plaintiff observed and perceived DECEDENT being struck and shot numerous times by DOE DEPUTIES and was aware that DECEDENT had been seriously injured and had died after DOE DEPUTIES' use of deadly force.

84.    Defendants DOE DEPUTIES, while working as sheriff's deputies for COUNTY and while acting within the course and scope of their duties, negligently and carelessly inflicted such emotion distress on Plaintiff when they deployed less-lethal rounds at DECEDENT and shot and killed DECEDENT in front of Plaintiff.

85.    As a result of their misconduct, Defendants DOE DEPUTIES are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force, and/or because they failed to intervene to prevent these violations.

86.    As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff was caused to suffer severe emotional distress, including but not limited to suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

87.    COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

88.    Plaintiff brings this claim in her individual capacity and seek compensatory damages.

## NINTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1 (Bane Act)

(Against All Defendants)

89.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.  An intent to violate a person's civil rights can be inferred by a reckless disregard for the person's civil rights.

91.    On information and believe, Defendants DOE DEPUTIES, while working for COUNTY and acting within the course and scope of their duties as

sheriff's deputies, intentionally committed and attempted to commit acts of violence against DECEDENT and also acted with a reckless disregard for DECEDENT's civil rights, including by deploying less-lethal rounds at him and shooting him without justification or excuse, and by denying him necessary medical care.

92.     When Defendants DOE DEPUTIES struck DECEDENT with less-lethal rounds and shot DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

93.     On information and belief, Defendants DOE DEPUTIES intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was and is fully entitled to enjoy.

94.     On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE DEPUTIES were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

95.      Defendants DOE DEPUTIES intentionally and successfully interfered with the above civil rights of DECEDENT, including his right to be free from excessive force, and acted with a reckless disregard for these rights.

96.     The conduct of Defendants was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

97.     The COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

98.     Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

99.     Defendants DOE DEPUTIES' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to Defendants DOE DEPUTIES.

100.   Plaintiff brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress, loss of life, and loss of enjoyment of life under this claim. Plaintiff also seeks treble damages, punitive damages, attorney's fees, and costs under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Asma Mojaddidi, requests entry of judgment in her favor and against Defendants the County of Sacramento and DOES 1-10, inclusive, as follows:

      A.    For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

      B.    For funeral and burial expenses, and loss of financial support;

      C.    For punitive damages against the individual defendants in an amount to be proven at trial;

      D.    For statutory damages;

      E.    For treble damages pursuant to California Civil Code Sections 52, 52.1;

      F.    For interest;

      G.    For reasonable attorneys' fees, including litigation expenses;

      H.    For costs of suit; and

      I.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: December 17, 2025     LAW OFFICES OF DALE K. GALIPO

By  */s/ Dale K. Galipo*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiff

1                    **<u>DEMAND FOR JURY TRIAL</u>**

2          Plaintiff hereby demands a trial by jury.

3

4    DATED: December 17, 2025          LAW OFFICES OF DALE K. GALIPO

5

6

7                                  By_*/s/ Dale K. Galipo*_____
                                      Dale K. Galipo
8                                     Hang D. Le
                                      Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28